IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

FILED

March 18, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9801-CR-00046 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| | ) | |
| KENNETH B. WILLIAMS, | ) | (Sale of less than one-half gram of |
| | ) | cocaine) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Thomas H. Miller
P.O. Box 681662
Franklin, TN 37068-1662

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
          and
Georgia Blythe Felner
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
          and
Jon Seaborg
Assistant District Attorney General
Washington Square, Ste. 500
222 2nd Ave. N.
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Kenneth B. Williams, appeals as of right following his conviction upon a guilty plea to the sale of less than one-half gram of cocaine, a Class C felony. The defendant agreed to a three-year sentence, with the manner of service to be determined by the trial court following a sentencing hearing. Following the hearing, the trial court ordered the defendant to serve the three years in the custody of the Davidson County Jail. The defendant now contends that the trial court erred by not ordering an alternative to incarceration. We affirm the decision of the trial court.

The defendant entered his guilty plea on March 28, 1996, and a sentencing hearing was scheduled for May 1, 1996. The defendant failed to appear at the hearing, and a capias was issued. The defendant was not apprehended until November 15, 1997, after an officer stopped him for driving with a broken headlight and discovered the capias. The sentencing hearing was held on January 21, 1998.

At the hearing, the defendant explained that he did not show up for the first sentencing hearing because he made an honest mistake. He said he thought the hearing was scheduled for May 10, not May 1, because there was an "@" symbol that looked like a "0" following the "1" on the slip of paper with the court date on it. He said he learned of his mistake on May 8 when he called his attorney to reassure him that he would be in court on May 10. He testified that he had completed two years of college and had an eight-year-old son whom he saw at least once or twice each week and for whom he paid child support of fifty or sixty dollars per week. He testified that he attended treatment for his cocaine addiction and that he had not used cocaine since his arrest.

On cross-examination, the defendant admitted that when he spoke with his attorney on May 8, the attorney told him to surrender to the police. He said he did not turn himself in because he knew his bond was high, and he could not afford to make bond. He said he attended Narcotics Anonymous meetings a couple of times each week for about three months following his arrest. He said he also ended his previous "associations." He admitted that in February 1995, he pled guilty to passing a worthless check and received six months on probation. He also admitted that five months later, he was arrested for theft and pled guilty. Although the presentence report indicated that his probation for the worthless check conviction was revoked, the defendant initially testified that he knew nothing about the revoked probation. However, he later agreed that it probably was revoked because of the arrest for theft.

Linda Head, the office manager for Top of the Line, testified that the defendant worked as a banquet server for about four years and that he earned ten dollars per hour. She said the defendant was a very good, professional employee, and he would have a job with Top of the Line if not sentenced to incarceration.

Appellate review of sentencing is <u>de novo</u> on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1995).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

As a standard, Range I offender convicted of a Class C felony, the defendant is presumed to be a favorable candidate for alternative sentencing options. T.C.A. § 40-35-102(6). However, this presumption may rebutted upon a showing that, among other things, "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1)(C). We conclude that the trial court's sentence of incarceration is justified based upon the defendant's lack of success with less restrictive measures as evidenced by his

4

probation violation.  The judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
Norma McGee Ogle, Judge